**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ACHU KINGSLEY ACHIDI,

Petitioner,

v.

JEREMY CASEY, *et al.*,

Respondents.

Case No. 26-cv-00875-BAS-BJW

**ORDER:**

**(1) DENYING MOTION TO RECONSIDER PETITION IN LIGHT OF CURRENTLY DECIDED CASES (ECF No. 41); AND**

**(2) TERMINATING AS MOOT MOTION TO EXPEDITE (ECF No. 42)**

On September 28, 2026, Petitioner Achu Kingsley Achidi filed a Motion to Reconsider Petition in Light of Currently Decided Cases. (ECF No. 41.) Petitioner also moves for the Court to expedite its decision. (ECF No. 42.) The Motion to Reconsider is Petitioner's fifth request to this Court concerning his immigration detention.

First, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in February 2026. (*Achidi v. Casey*, No. 26-cv-00875-BAS-BJW (S.D. Cal. filed Feb. 6, 2026) ("First Petition").) After briefing, the Court granted the First Petition. (*Id.* at ECF No. 12.) The Court ordered Respondents to provide Petitioner with a bond hearing

before an Immigration Judge ("IJ") where "the Government bears the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a flight risk" ("Habeas Order"). (*Id.*)

Second, on April 2, 2026, Petitioner filed a Motion to Enforce the Habeas Order. (First Petition, ECF No. 15.) On April 14, 2026, this Court granted in part the Motion to Enforce. (*Id.* at ECF No. 19.) The Court found that an IJ held a bond hearing, but the IJ applied the incorrect burden of proof. (*Id.*) Therefore, the Court referred the case back to the Immigration Court for a second bond hearing. (*Id.*)

On April 20, 2026, Respondents provided Petitioner with the Court-ordered bond hearing, where the IJ properly placed the burden on Respondents. (First Petition, ECF No. 37.) The IJ denied bond, holding that Petitioner was a risk of flight. (*Id.*)

Third, Petitioner filed a Second Motion to Enforce the Habeas Order. (First Petition, ECF No. 21.) On June 18, 2026, this Court denied Petitioner's Second Motion to Enforce, holding that "Petitioner fail[ed] to demonstrate that his bond hearing was constitutionally insufficient or that the IJ improperly shifted the burden of proof to him." (*Id.* at ECF No. 37.)

Fourth, on July 27, 2026, Petitioner filed another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (*Achidi v. Casey*, No. 26-cv-04326-BAS-BJW (S.D. Cal. filed July 27, 2026) ("Second Petition").) Petitioner once again claimed that Respondents violated the Habeas Order because the April 20, 2026, bond hearing was not in compliance with this Court's rulings. (*Id.*) The Court reasoned that a habeas petition is subject to summary dismissal when it is repetitive or duplicative. *See, e.g.*, *Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). The Court dismissed the Second Petition because it provided no new information or grounds for relief that were not raised in the First Petition, the Motion to Enforce the Habeas Order, or the Second Motion to Enforce the Habeas Order. (Second Petition, ECF No. 11.)

Petitioner now files this fifth request: a Motion to Reconsider the ruling on his First Petition. (ECF No. 41.) Having reviewed and considered the Motion, the Court concludes

it is unpersuasive. Despite Petitioner's arguments, the Court finds insufficient evidence that all the Immigration Judges' neutrality has been so compromised as to render the prior bond hearing inadequate. Simply put, reconsideration is not appropriate. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Accordingly, the Court **DENIES** the Motion to Reconsider Petition in Light of Currently Decided Cases. (ECF No. 41.) The Court also **TERMINATES AS MOOT** the Motion to Expedite. (ECF No. 42.)

Further, judgment has been entered, the Court has resolved a reconsideration request, and this case is closed. Therefore, the Clerk of Court shall accept no further filings in this matter, except a Notice of Appeal.

**IT IS SO ORDERED.**

**DATED: October 19, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**